UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SAM COOPER

        Petitioner,

  -against-

UNITED STATES OF AMERICA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM & ORDER**

Civil Action No. 04-3574

**APPEARANCES:**

**For the Petitioner:**
Sam Cooper, Pro Se
Reg. No. 68356-053
F.C.I. Otisville
P.O. Box 1000/Unit G-B
Otisville, New York 10963

**For the Respondent:**
Roslynn Mauskopf
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By: Susan Corkery, AUSA

**HURLEY, Senior District Judge:**

      Petitioner Sam Cooper ("Cooper") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from his 2004 conviction in this Court. In addition, Cooper has moved (1) for appointment of counsel and (2) pursuant to Fed. R. App. P. 4(a)(5) and (6) to reopen the appeal time period for his criminal conviction. For the reasons set forth below, all three motions are DENIED.

*Background*

On February 11, 2003, pursuant to an information which charged Cooper with drug distribution from on or about August 7, 2002 to September 3, 2002, Cooper pled guilty before Magistrate Judge Arlene R. Lindsay to cocaine distribution. There was no plea agreement. At the plea, Cooper was advised, inter alia, of his right to a grand jury presentation and his right to a trial by jury wherein he would be presumed innocent, the government would have the burden of establishing his guilt beyond a reasonable doubt and he would have the right to cross-examine witnesses and object to evidence that the government might offer. In addition he was advised that "[t]he maximum possible penalty that the Court can impose is 20 years. The minimum, of course, is zero. In addition, be aware that there is a maximum fine of $1 million under this count and that you would have to pay a $100 special assessment to the Court and that the Court could order restitution if it decided that it would be appropriate to do so in an amount that would be fixed by the Court." Cooper was also advised as follows:

> Now, I don't know if you've been given estimates of what the guidelines range is in this case but I want you to know one thing about estimates. They're not binding on the Court. So, whatever your attorney or the government might have told you about what they believe the guidelines range may be, that's just their estimate or best guess based on their experience in this court. But it is only Judge Hurley who can determine what the guideline range is and what you need to know is if Judge Hurley decides that the guideline range is different than what you were told by your lawyer or the government, either it was more or less, you cannot withdraw your plea.

In his allocution, Cooper admitted that on two occasions he sold crack cocaine to an undercover agent. He could not recall, however, the exact dates of the transactions or the quantity of drugs he sold on either occasion. According to the government, the "estimate" of the amount sold was

"approximately 4.3 grams."

Subsequent to the plea, the United States Probation Department prepared a pre-sentence report. Cooper's offense level was calculated based on a total narcotics weight of 6.6 grams consisting of 4.3 grams from multiple dates in August 2003 and 2.3 grams on September 18, 2003. Counsel for Cooper initially objected, by letter, to the inclusion of the amount from the September 18 sale:

> We believe that this offense involved no more than 4.3 grams of cocaine base. The source of this belief is the government. The government provided me with two laboratory reports - one indicating 1.1 grams of net weight of cocaine base obtained on August 7, 2002 and the second indicating 3.2 grams net weight of cocaine base obtained on August 23 and 30, 2002. AUSA King told me that there were only two lab reports for a total of 4.3 grams of cocaine base not 6.6 grams. As you know a plea was taken on October 6, 2003 pursuant to a plea agreement prepared by the government. In that agreement the government estimates an offense level based on information "known to the Office at this time." That information was 4.3 grams of cocaine base not 6.6 grams. An additional 2.3 grams must be a mistake. The base offense level and adjusted offense level should be 24. The total offense level should be 21.

Thereafter, counsel for Cooper wrote to the Court withdrawing the objection:

> We have researched this issue further and regretfully submit that in this situation, there is no form of estoppel against the government which would prohibit your Honor from imposing a sentence based on 6.6 grams of cocaine base. . . . [I]n our case, the Government did not know about the additional 2.3 grams and there is no plea agreement. It appears, however, that even if there were a plea agreement the defendant would either be entitled to withdraw his plea or the government would not be permitted to advocate an increase in the sentencing range. The Court, however, would still not be bound by the terms of a plea agreement.

Sentencing was held on June 18, 2004. The Court discussed with counsel the initial objection and its withdrawal concerning the amount of cocaine in the pre-sentence report. In response to the Court's query whether there was any application to set aside the plea, Cooper's counsel responded that she had discussed the matter with her client and they were not going to pursue that avenue. The following colloquy then took place:

> The Court: Mr Cooper, do you understand this discussion that we've had?
>
> Defendant:: Yes
>
> The Court: And originally the government was of the belief that the amount of drugs was 4.3 grams and it turns out its 6.6 grams. One possibility that could be looked at would be to see if it would be appropriate for you to withdraw your plea or make an application to withdraw your plea. And that may or may not be granted. Ms. Gaffey has explained to me that she had reviewed that with you and that the defense's position is we should proceed with sentence rather than, for instance, consider such a motion, motion to withdraw the plea. Do you understand all of that?
>
> Defendant: Yes.
>
> The Court: And have you reviewed it with Ms. Gaffey?
>
> Defendant: Yes.
>
> The Court: And do you want to go ahead based on where we are at this point?
>
> Defendant: Yes.

Based on 6.6 grams of cocaine base, the guideline range was 70 to 87 months. The Court proceeded to sentence Cooper to 70 months incarceration, followed by three years of supervised

4

release.

The instant petition was filed on August 18, 2004. In his petition, Cooper has alleged four grounds in support of his motion. First, he claims there was "improper enhancement for drug quantity not covered in plea agreement." Second, "[t]he government knew about the additional 2.3 grams before my plea. Third, the September 18 sale "is not covered in my plea time period." Finally, the "two lab reports are in conflict."

## *Discussion*

### I. Cooper's Claims Do Not Warrant Relief

#### A. The Claims are Procedurally Barred

It is well settled that a Section 2255 motion is not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Munoz,* 143 F.3d 632, 637 (2d Cir. 1998). Accordingly, "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.'" *Johnson v. United States,* 313 F.3d 815, 817 (2d Cir. 2002) (quoting *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir. 1996). A petitioner seeking to raise a claim in a Section 2255 motion that he did not raise on direct appeal must show "cause and prejudice" or a "fundamental miscarriage of justice" for his failure to do so. *Frady,* 456 U.S. at 167 (citing *Davis v. United States,* 411 U.S. 233 91973)); *Munoz,* 143 F.3d at 637. No such showing has been made here.

#### B. The Claims are Without Merit

Even if the claims were not procedurally barred, Cooper is not entitled to relief.

5

First, there was no plea agreement in this case. To the extent the petition asserts a claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005), *Booker* does not apply retroactively to cases on collateral review. *See Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Green v. United States,* 397 F.3d 101, 103 (2d Cir. 2005).

Second, Cooper waived any claim that the government knew about the additional 2.3 grams before his guilty plea. As evidenced by the sentencing transcript quoted above, Cooper, in effect, conceded that the government was unaware of the third lab reports on the additional 2.3 grams.

Third, Cooper's contention that the September 18th amount of 2.3 grams of cocaine is outside the "plea time period" is incorrect. The information to which Cooper plead guilty alleged that the relevant time frame was "from *on or about* August 7, 2002 to September 3, 2002." (Emphasis added.) September 18 falls within the approximate time period. *See United States v. Nersesian,* 824 F.2d 1294, 1323 (2d Cir. 1987) (holding that where actual date of transaction was July or early August 1984, there was no material variance from indictment that charged on or about June 1984)); *see also LanFranco v. Murray*, 313 F.3d 112, 119-120 (2d Cir. 2002).

Finally, the claim that the two lab reports are in conflict is not support by the record. There were in fact three lab reports, each pertaining to separate incidents. Moreover, Cooper conceded at the sentencing that there was no reason to dispute the accuracy of the three reports.

## II. The Rule 4(a) Motion

**A. The Motion to Extend the Time to Appeal is Untimely**

Apparently cognizant of the case law discussed in section IA, *supra*, Cooper has moved pursuant to Rule 4(a)(5) and (6) of the Federal Rule of Appellate Procedure to extend his time to

appeal from his criminal conviction. The motion must be denied. Rule 4(a) of the Federal Rules of Appellate Procedure only applies to an "appeal in a civil case." Fed. R. App. P. 4(a). Appeals in criminal cases are governed by Rule 4(b) of the Federal Rules of Appellate Procedure. Unlike Rule 4(a) governing civil cases, Rule 4(b) does not contain a provision for reopening the time to file an appeal upon motion filed within 180 days after judgment. *Compare* Fed. R. App. P. 4(a)(6) *with* Fed. R. App. P. 4(b). Under Rule 4(b)(4), a court may extend the time to file a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Because more than thirty days from the expiration of the time to appeal had long passed when, on November 23, 2004 Cooper made the application to extend his appeal time, the Court cannot grant an extension of time to file an appeal. *See United States v. Batista,* 22 F.3d 492, 493 (2d Cir. 1994); *see also United States v. Carter,* 990 F.2d 402 (8th Cir. 1993).

### B. The Motion to Amend the Petition

In his Rule 4(a) motion, Cooper has alternatively requested that he be allowed to amend his petition to assert a claim for ineffective assistance of counsel "for failing to file a notice and prosecute the appeal" and "for failing to raise or preserve meritorious sentencing claims based on Blakely v. Washington." One exception to the procedural default rule discussed above is for claims of ineffective assistance of counsel. Such claims may be brought in a Section 2255 proceeding whether or not the petitioner could have raised them on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003).

A motion to amend a § 2255 motion is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a). *See Ching v. United States,* 298 F.3d 174, 180 (2d Cir. 2002).

7

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a court "may properly deny leave when amendment would be futile." *Jones v. New York State Div. of Military & Naval Affairs,* 166 F.3d 45, 50 (2d Cir. 1999). Such is the case here.

Claims of ineffective assistance of counsel arising out of the plea process are governed by *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. *Id.* at 687. *See Dunham v. Travis,* 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, the court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id.* at 690, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 594. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham*, 313 F.3d at 730. Also, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because "'it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'" *Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically noted that the federal district courts need not address both components if a petitioner fails to establish either one. *Strickland*,

466 U.S. at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

Petitioner has put forth no showing that would satisfy the *Strickland* standard to prove ineffective assistance of counsel. The failure of counsel to raise a *Blakely v. Washington* type argument (i.e. to foresee the holding in *United States v. Booker*, 543 U.S. 220 (2005)) does not rise to the level of ineffective assistance of counsel. *See Lisnoff v. United States,* 2006 WL 1367413 (E.D.N.Y. 2007) (holding that failure to foresee *Booker* claim not ineffective assistance of counsel as it cannot be said that "failure to advance an issue that was not apparent to the judiciary constitutes ineffective performance by counsel."); *Iacobelli v. United States,* 2006 WL 1026440, *2 n.7 (E.D.N.Y. 2006); *Kiene v. United States,* 2006 WL 3456308, *4 (S.D.N.Y. 2006); *United States v. Santiago,* 2005 WL 1421632 (D.Conn. 2005) (same); *cf.Guzman*, 404 F.3d 139, 142 (2d Cir. 2005) (holding *Booker's* holding was not dictated by *Apprendi* and *Blakely* and that it "cannot be said the result in *Booker* was apparent to all reasonable jurists.").

As the proposed amendment to the petition would be futile, the motion to amend is denied.

### III. The Motion for Appointment of Counsel

28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." A district court possess broad discretion when deciding whether to appoint counsel under the statute. *Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir. 1986). As a threshold hold matter, the court should determine whether plaintiff's position "seems likely to be of substance." *Id.* at 61. As set forth above, Cooper's position is not of

9

substance. Accordingly, the motion for appointment of counsel is denied.

## *Conclusion*

For the foregoing reasons, Cooper's § 2255 motion to vacate, set aside or correct his sentence is DENIED; the motion pursuant to Fed. R. App. P. 4 is DENIED; and the motion for appointment of counsel is DENIED.

Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253 (c)(2), a certificate of appealability is denied, as Cooper has not made a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
April 20, 2007

/s/
Denis R. Hurley
Senior District Judge